HENRY SCHUSTER v. WILMA A. SCHUSTER.[1]

November 22, 1901.

Nos. 12,747—(149).

**Divorce—Fee of Wife's Attorney.**
> *Held*, that the moving papers in a proceeding under G. S. 1894, § 4799, made a case for the allowance of attorney's fees in a divorce action which had once been tried, notwithstanding the fact that the amount allowed was owing and was to be paid to defendant's attorney for services rendered at the first trial.

**Appeal.**
> *Held*, further, that an order allowing such fees is appealable.

Appeal by plaintiff from an order of the district court for Olmsted county, Snow, J., granting defendant's motion for an allowance of attorney's fees in divorce proceedings. Affirmed.

[1] Reported in 87 N. W. 1014.

*W. Logan Brackenridge*, for appellant.
*Chas. C. Willson*, for respondent.

COLLINS, J.

In a divorce action brought by a husband against his wife upon the ground of adultery, the court below, before trial, and under the provisions of G. S. 1894, § 4799, ordered the plaintiff to pay $150 as attorney's fees and $100 as suit money, necessary to enable her to defend, which sums were paid. The action was then brought to trial, which was vigorously contested, lasted eight days, and resulted in a disagreement of the jury. A second trial was fixed for a day certain, but before the time came, upon the hearing of a motion made for that purpose, the court ordered that the husband pay the further "sum of $250 as the balance in full of all fees of defendant's attorneys so far as the same are to be paid by plaintiff up to the present time," and also that an additional sum be paid for services to be rendered and expenses to be incurred at the coming second trial. From that part of the order, which required payment of attorney's fees for past services, above quoted, the husband appealed.

Section 4799, supra, on which the order appealed from was based, reads as follows:

"The court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the action, or for her support during its pendency."

It stands admitted, virtually, by both parties, that the court had no authority to make the order unless it appeared from the moving papers that the sum in question was necessary to enable the wife to proceed with a proper defense at the second trial. Counsel for the husband insists that no sufficient showing was made, and, as we understand him, that, if there had been, the court below was wholly without authority to make an order for the payment of money to be used to compensate an attorney for past services, or to defray expenses which had previously been incurred.

The first point for determination under the contention is the sufficiency of the moving papers. Has a case been made out for

an order directing the payment of this money? In discussing this question it is to be kept in mind that a jury had disagreed in an action for divorce based upon a large number of charges of adultery made against the defendant wife,—most important and serious charges for her to face. Her attorney had been actively engaged for more than one week at that trial, and had received as compensation the sum of $150 only, allowed by the court, as before stated.

From these papers it further appears that the wife had no property of any description; that in preparing for the first trial and compelling the attendance of witnesses she expended the $100 suit money, and incurred an indebtedness of more than $50 in addition, which remained unpaid; that the sum of $150, allowed for attorney's fees for that trial, was insufficient; and this seems evident when we consider the number of days he was actually engaged therein, to say nothing of preliminary work. She could pay nothing at all of this deficit to her attorney. This gentleman, familiar with the facts in the case, insisted on withdrawing from further connection with it unless paid a fair compensation for past services, and if he did so she would be compelled to rely upon counsel wholly uninformed as to the facts of her defense. Other facts appeared, which need not be detailed. Under the circumstances it would seem very unfair and unjust to hold that all that was necessary to entitle her to this allowance did not appear. We are of opinion that a case for an allowance was made out, and that it was shown that the money ordered to be paid was necessary to enable Mrs. Schuster further to defend in the action, notwithstanding the fact that the amount allowed was owing, and was to be used in liquidating attorney's fees for past services.

Two cases from the New York court of appeals have been cited by both parties: Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735, and McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550. In the Beadleston case it was said, when discussing an order of this kind:

"We have no doubt that an allowance to a wife during the

pendency of the action, for some past expense, might be authorized if it were shown that its payment was necessary to enable her to further carry on the action or her defense thereto."

And in the McCarthy case appears the following paragraph:

"Upon such an application if it should appear that in previously carrying on her action the plaintiff had incurred expense the payment of which was essential to be made in order that she might further maintain or prosecute her rights under the judgment, it would be quite within both the letter and the spirit of the statute to comprehend in an allowance the unpaid item of the past."

From this language it would seem that the court rendering these opinions had no doubt as to the interpretation which should be put upon a statute identical with our own, although the exact question was not before it. In a recently published work (2 Nelson, Div. & Sep. § 746) the views held by some courts on the subject are criticised as too narrow. See also section 877. We are not compelled, in this case, on the facts which appear, to express any opinion on this particular point; for, as before indicated, we hold that the showing made brought the application directly within the provisions of G. S. 1894, § 4799.

The point is made on a motion to dismiss the appeal that an order of this character is not appealable. We have held that it is, under the third subdivision of G. S. 1894, § 6140. Wagner v. Wagner, 34 Minn. 441, 26 N. W. 450. The only distinction between the two cases is that in the Wagner case the order was made after judgment of dismissal had been entered against the moving party, while here the order was made pending a second trial. No real difference exists. It was assumed in Stiehm v. Stiehm, 69 Minn. 461, 72 N. W. 708, that such an order was appealable, as one determining the strict legal rights of the parties. Other courts seem to have allowed appeals in similar cases. Loveren v. Loveren, 100 Cal. 493, 35 Pac. 87, and the New York cases before cited.

There is also good reason for holding the order appealable, under the sixth subdivision of said section 6140, as a final order affecting a substantial right made in a special proceeding. The

motion for alimony pendente lite is not an essential in a divorce action. It is merely collateral, or an adjunct to it; a special and independent step. The phrase "special proceeding," within its proper definition, is a generic term for all civil remedies in courts of justice which are not ordinary actions. In re Grundysen, 53 Minn. 346, 55 N. W. 557. Where the law confers a right, and authorizes a special application to a court to enforce it, the proceeding is special, within the ordinary meaning of the term "special proceeding."

Order affirmed.

LEWIS, J.

I concur in the result, but for other reasons than those expressed in the majority opinion.

Application was made on behalf of defendant for the sum of $350, the balance due her attorney, and for the further sum of something over $200 to reimburse parties who had advanced money for expenses incurred at the first trial. The court ordered the husband to pay the wife's attorney the sum of $250 for past services, and $150 for services to be performed in connection with the second trial. It does not seem to me the showing justifies a holding that the $250 was allowed for the purpose of continuing the action. The court's order allowed $150 for that express purpose, but the $250 ordered paid to the wife's attorney was for the purpose of compensating him for services already performed, and not for securing the further prosecution of the action, nor for the purpose of preventing him from withdrawing from the case. The order of the court was justified by G. S. 1894, § 4799, which provides that such application and order may be made at any time pending the action or before its final termination in a judgment.

Indeed, the court would be better able to judge as to the amount of expenses incurred and the wife's ability to meet the same, in whole or in part, after the matter has been wholly litigated than before. The important thing for the court's determination is the necessity for and the amount of such allowance. The time of the application and allowance is not fixed by the

statute, and may be determined, in the court's discretion, at any time before entry of judgment.