ELIZABETH ANDERSON v. EMIL E. LANGULA.[1]

May 2, 1930.

No. 27,618.

*Drill & Drill* and *F. A. Pike,* for appellant.

*Albert Schaller* and *Kueffner & Marks,* for respondent.

WILSON, C. J.

This action was called for trial. The parties and their attorneys were present in court. Defendant moved to dismiss the action for want of prosecution. The motion was granted, and from the order of dismissal plaintiff has attempted to appeal to this court.

The order was nonappealable. Gottstein v. St. Jean, 79 Minn. 232, 82 N. W. 311.

Respondent argues that we have reversed the Gottstein case in Davis v. N. P. Ry. Co. 179 Minn. 225, 229 N. W. 86, wherein we passed upon the merits of an appeal of this character. The answer is that counsel in that case did not raise the question of nonappeal-

[1]Reported in 230 N. W. 645.

ability of the order, and the court's consideration of the case was an oversight.

It is also argued, that this order is appealable under G. S. 1923 (2 Mason, 1927) § 9498(7), as "affecting a substantial right, made in a special proceeding." In support of this contention our attention is called to Schuster v. Schuster, 84 Minn. 403, 407, 87 N. W. 1014, involving an order allowing attorney fees in a divorce action. That order was held appealable under the statute mentioned, and it was there stated that a "special proceeding" is a generic term for all civil remedies in courts of justice which are not ordinary actions. This contemplates a legal right to be enforced usually upon written application to a court. It relates to remedies other than ordinary actions. Special proceedings usually mean such proceedings as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. It includes a variety of matters as indicated in 7 Wd. & Phr. (3 ser.) 87. The application in the Schuster case, 84 Minn. 403, 87 N. W. 1014, furnishes an apt illustration.

In the instant case the action came on for trial, the motion was made orally at the trial when all the parties were present. The order contemplated a judgment from which an appeal would lie. The appeal is dismissed.