**COUNTY OF STEARNS and Kim Marie Olson (now Poster), Petitioners, Respondents,**

v.

**Daniel Shane SCHAAF, Appellant.**

**No. C7–91–749.**

Court of Appeals of Minnesota.

June 25, 1991.

Roger S. Van Heel, Stearns County Atty., Richard J. May, Asst. County Atty., St. Cloud, for respondents.

Daniel S. Rethmeier, St. Cloud, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and NORTON, JJ.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Daniel Schaaf filed this appeal from a February 7, 1991 final judgment of paternity on April 30, 1991. The appeal papers indicated that an adverse party had served notice of the February 7 judgment on February 27. This court questioned whether a paternity action is a "special proceeding" under Minn.R.Civ.App.P. 103.03(g), and if so, whether the appeal was timely. The parties filed jurisdiction memoranda.

### DECISION

Generally, an appeal from a final judgment in an ordinary civil action must be taken within 90 days after entry of judg-

ment. *See* Minn.R.Civ.App.P. 104.01. By contrast, a judgment in a special proceeding must be appealed within 30 days after an adverse party serves notice of filing, unless a different appeal time is provided by statute. *See* Minn.R.Civ.App.P. 104.03, 104.01; *Hofseth v. Hofseth,* 456 N.W.2d 99, 101 (Minn.App.1990). If paternity actions are special proceedings, then this appeal was not timely filed within 30 days after respondent's February 27 notice of the February 7 judgment.

A special proceeding is "such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief." *Chapman v. Dorsey,* 230 Minn. 279, 283, 41 N.W.2d 438, 440 (1950). "Special proceeding" has been defined even more broadly, as a generic term for civil remedies that are not ordinary actions. *Anderson v. Langula,* 180 Minn. 250, 251, 230 N.W. 645, 645 (1930); *see also Schuster v. Schuster,* 84 Minn. 403, 407, 87 N.W. 1014, 1015 (1901) (where the law confers a right and authorizes a special application for court enforcement, the application constitutes a "special proceeding").

An order compelling relatives of a putative father to submit to blood testing in a paternity action is an appealable final order in a special proceeding under Minn.R.Civ. App.P. 103.03(g). *Voss v. Duerscherl,* 408 N.W.2d 161, 164 (Minn.App.1987), *rev'd on other grounds,* 425 N.W.2d 828 (Minn. 1988). In *Voss,* this court reasoned that such orders are appealable because Minn. Stat. § 257.62, subd. 1 (1986), authorizing court-ordered blood tests, prescribed the particular right or remedy and provided a procedure to enforce the right or remedy. *Voss,* 408 N.W.2d at 164. We did not express any opinion on whether the *underlying* paternity action was a special proceeding.

The rights and remedies created by the parentage act are wholly statutory. *See State v. Johnson,* 216 Minn. 427, 429, 13 N.W.2d 26, 27 (1944) (at common law, the father of a nonmarital child was not liable for support, and such obligation is created by statute). Arguably, paternity actions

could be included under the broadest definition of "special proceeding" as any civil remedy which is not an ordinary action.

Paternity actions are civil actions governed by the rules of civil procedure. Minn.Stat. § 257.65 (1990). Like ordinary civil actions, paternity actions are commenced by a summons and complaint. No "special application" is necessary to initiate an action to determine paternity.

Our supreme court has noted that paternity proceedings have remained fundamentally unchanged in this state since 1851. *See Smith v. Bailen,* 258 N.W.2d 118, 121 (Minn.1977) (defendant in a paternity action is constitutionally entitled to a jury trial). These cases are tried as ordinary civil actions. In its many opinions on paternity matters, our supreme court has never held paternity actions to be "special proceedings," and such actions have been treated in all regards as ordinary civil actions.

Not all statutory remedies qualify as special proceedings. *See, e.g., Beatty v. Winona Hous. & Redev. Auth.,* 277 Minn. 76, 79–80, 151 N.W.2d 584, 587 (1967) (declaratory judgment actions are not special proceedings). In view of the applicable procedures, as well as the nature and history of paternity actions in this state, we hold that they are ordinary civil actions, and not special proceedings. The time to appeal from an ordinary judgment applies. *See Minn. R.Civ.App.P. 104.01.* This appeal was filed timely within 90 days after entry of the February 7, 1991 final judgment of paternity.

Appeal to proceed.