Chris MELY, Respondent,

v.

**STATE FARM INSURANCE COMPANY, Appellant.**

No. CX–95–463.

Court of Appeals of Minnesota.

April 18, 1995.

Mark E. Gilbert, Gilbert & Mandel, Roseville, for respondent.

Bradley T. Cosgriff, LaBore & Giuliani, Hopkins, for appellant.

Considered at Special Term and decided by HUSPENI, P.J., Davies and Toussaint, JJ.

## SPECIAL TERM OPINION

HUSPENI, Judge.

## FACTS

On March 1, 1995, State Farm Insurance Company filed this appeal from a November 30, 1994, judgment modifying and confirming an arbitration award. The appeal papers indicated appellant had received written notice of entry of the November 30 judgment on December 5, 1994. This court questioned whether the appeal was timely. Both parties submitted jurisdiction memoranda. We dismiss the appeal because we conclude it was not timely filed.

## DECISION

"Special proceeding" has been broadly defined as a generic term for civil remedies that are not ordinary actions. *Anderson v. Langula,* 180 Minn. 250, 251, 230 N.W. 645, 645 (1930); *see also Schuster v. Schuster,* 84 Minn. 403, 407, 87 N.W. 1014, 1015 (1901) (where the law confers a right and authorizes a special application for court enforcement, the application constitutes a "special proceeding").

■ The Minnesota Uniform Arbitration Act changed "the common law policy of judicial hostility toward arbitration to one favoring arbitration." *Layne–Minnesota Co. v. Regents of Univ. of Minn.,* 266 Minn. 284, 288, 123 N.W.2d 371, 374 (1963). The act provides "summary procedures" to compel or prevent arbitration and to review awards. *Id.* at 288, 123 N.W.2d at 374–75. Because the rights and remedies created by the arbitration act are statutory, a proceeding for

district court review of an award is not an ordinary civil action.[1]

Not all statutory remedies qualify as special proceedings. *See, e.g., Beatty v. Winona Hous. & Redev. Auth.,* 277 Minn. 76, 79–80, 151 N.W.2d 584, 587 (1967) (declaratory judgment actions are not special proceedings); *County of Stearns v. Schaaf,* 472 N.W.2d 191, 192 (Minn.App.1991) (paternity proceedings are in the nature of ordinary civil actions and are not special proceedings). In determining whether a statutory remedy is a special proceeding, we have considered whether the action is commenced and tried as an ordinary civil action. *See County of Stearns,* 472 N.W.2d at 192 (paternity actions are commenced by summons and complaint and are tried as ordinary civil actions).

■ As distinguished from an ordinary civil action, an action for review of an arbitration award under Minn.Stat. ch. 572 is commenced "by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions." Minn.Stat. § 572.23 (1994). We hold that district court proceedings under Minn.Stat. ch. 572 are "special proceedings" because the statute sets out summary procedures for special relief, and the actions are not commenced and tried as ordinary civil actions. *See Chapman v. Dorsey,* 230 Minn. 279, 283, 41 N.W.2d 438, 441 (1950) (special proceeding is commenced independently by petition or motion to obtain special relief).

■ The statute sets out the types of orders and judgments from which an appeal may be taken in arbitration proceedings. *See* Minn.Stat. § 572.26, subd. 1 (1994); *Miyoi v. Gold Bond Stamp Co. Employees Retirement Trust,* 293 Minn. 376, 378, 196 N.W.2d 309, 310 (1972). In this case, the November 30, 1994, judgment confirming the arbitration award as modified was appealable. *See* Minn.Stat. § 572.26, subd. 1(6) (appeal may be taken from a judgment or decree entered pursuant to the provisions of chapter 572).

---

1. We express no opinion on whether a proceeding to enforce an arbitration award outside of Minn.Stat. ch. 572 is a special proceeding. *See Anderson v. Federated Mut. Ins. Co.,* 481 N.W.2d 48, 50 (Minn.1992) (the Minnesota Uniform Arbitration Act did not supersede common law arbitration).

The time to appeal a judgment in a "special proceeding" differs from the appeal period for judgments in ordinary civil actions. An appeal from a judgment in an ordinary civil action must be taken within 90 days after entry. *See* Minn.R.Civ.App.P. 104.01. But unless a different appeal period is specified by statute, the time to appeal a final judgment in a special proceeding expires 30 days after an adverse party serves written notice of entry of judgment. *See* Minn.R.Civ.App.P. 104.03, 104.01; *Hofseth v. Hofseth*, 456 N.W.2d 99, 102 (Minn.App. 1990).

Because arbitration proceedings are special proceedings, the appeal period in this case expired on January 9, 1995, 33 days after respondent served notice of entry of the November 30 judgment by mail. *See* Minn. R.Civ.App.P. 104.03, 125.03. This appeal was not served and filed until March 1, 1995, and it is untimely.[2] Dismissal of this appeal is required because we lack jurisdiction to extend the appeal period or to consider an untimely appeal. *See* Minn.R.Civ.App.P. 126.02; *Township of Honner v. Redwood County*, 518 N.W.2d 639, 641 (Minn.App. 1994), *pet. for rev. denied* (Minn. Sept. 16, 1994).

**Appeal dismissed.**

2. This appeal would be untimely even if the time to appeal a judgment in an ordinary civil action applied, because the ninetieth day after entry of the November 30, 1994, judgment was February 28, 1995.