**In re Arbitration Between Jean PULJU, Appellant,**

v.

**METROPOLITAN PROPERTY & CASUALTY, Respondent.**

No. CX–95–723.

Court of Appeals of Minnesota.

June 6, 1995.

William Starr, Starr & Seeger, P.L.C., Minneapolis, for appellant.

Karen Melling Van Vliet, Paula Duggan Vraa, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for respondent.

Considered at Special Term and decided by TOUSSAINT, C.J., and CRIPPEN and DAVIES, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

By order on December 7, 1994, the district court granted respondent Metropolitan Property & Casualty's motion to vacate the income loss portion of an arbitration award in favor of appellant Jean Pulju. The district court determined that the arbitrator exceeded his authority by issuing the award, and no rehearing was directed. The December 7, 1994 order specifically directed entry of judgment. Judgment was entered on January 3, 1995.

Appellant filed this appeal from the January 3, 1995 judgment by mail on March 31, 1995. Respondent moved to dismiss the appeal as untimely, on the ground that respondent served notice of entry of the judgment to limit the appeal period on January 11, 1995. Appellant opposed the motion, arguing that the 90–day period to appeal a judgment in an ordinary civil action applies. We disagree and dismiss.

### DECISION

District court actions pertaining to arbitration under Minn.Stat. ch. 572 are "special proceedings" within the meaning of Minn. R.Civ.App.P. 103.03(g). *Mely v. State Farm Ins. Co.,* 530 N.W.2d 216 (Minn.App.1995).

■ An appeal may be taken from an order vacating an arbitration award without directing a rehearing. Minn.Stat. § 572.26, subd. 1(5) (1994). Entry of judgment is not required upon an order granting a motion to vacate an award. *See* Minn.Stat. § 572.21 (judgment shall be entered upon the granting of an order confirming, modifying or correcting an award).

■ Generally, when the district court directs entry of judgment on an otherwise appealable order, the order is converted into a nonappealable order for judgment, and the proper appeal is from the judgment. *See Saric v. Stover,* 451 N.W.2d 65, 65 (Minn. App.1990). This principle applies to special proceedings as well as to ordinary civil actions. *See Hofseth v. Hofseth,* 456 N.W.2d 99, 101 (Minn.App.1990) (because postdecree modification order directed entry of judgment, proper appeal was from the judgment). Accordingly, the proper appeal was from the January 3, 1995 judgment in this case, even though the underlying December 7, 1994 order would have been appealable, absent the specific direction for entry of judgment.

■ An appeal from a judgment in an ordinary civil action must be taken within 90 days after entry. Minn.R.Civ.App.P. 104.01. But because arbitration proceedings are special proceedings, an appeal from a final judgment must be taken within 30 days after an adverse party serves written notice of entry of judgment. *Mely,* 530 N.W.2d at 218. The appeal period in this case expired on February 13, 1995, which was 33 days after respondent served notice of entry of the judgment by mail on January 11, 1995. Minn.R.Civ. App.P. 104.03, 125.03. We must dismiss this appeal because it was not filed until March 31, 1995. *See* Minn.R.Civ.App.P. 126.02; *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994) (court of appeals lacks jurisdiction to consider untimely appeal), *pet. for rev. denied* (Minn. Sept. 16, 1994).

**Appeal dismissed.**