[Cite as *Estel v. Catudal*, 2014-Ohio-4719.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES J. ESTEL | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J. |
|     Petitioner-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 14-CA-44 |
| CHANCE CATUDAL | |
|     Respondent-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of Common Pleas, Case No. 13-CV-1067

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 23, 2014

APPEARANCES:

For Respondent-Appellant

CHANCE CATUDAL, PRO SE
2783 Martin Road #353
Dublin, Ohio 43017

For Petitioner-Appellee

SCOTT M. SIDNER
112 International Drive
Pataskala, Ohio 43062

*Hoffman, P.J.*

{¶1} Respondent-appellant Chance Catudal appeals the May 8, 2014 Order of Protection entered by the Licking County Court of Common Pleas. Petitioner-appellee is Charles J. Estel.

STATEMENT OF THE CASE AND FACTS

{¶2} Appellee filed a Petition for Civil Stalking Protection Order pursuant to R.C. 2903.214, on October 21, 2013. Following a brief hearing conducted on the same day, the magistrate granted an ex parte civil protection order against Appellant. The magistrate scheduled a full hearing on the petition for October 30, 2013, and ordered the Clerk of Courts to personally serve Appellant.

{¶3} Because personal service on Appellant had not been effectuated, the trial court continued the October 30, 2013 hearing until November 22, 2013. The trial court then continued the November 22, 2013 hearing until January 27, 2014, as Appellant still had not yet been properly served. On December 2, 2013, Appellant filed a motion to dismiss the protection order. The magistrate denied Appellant's motion to dismiss via Order filed December 23, 2013.

{¶4} The January 27, 2014 hearing was continued upon Appellee's request and due to the lack of service on Appellant. The magistrate again ordered the Clerk of Courts to personally serve Appellant with copies of the January 28, 2014 order, which rescheduled the hearing until March 12, 2014; the ex parte civil stalking protection order; and Appellee's petition for civil stalking protection order. The process server's return was filed February 19, 2014, indicating Appellant had been personally served by hand on February 11, 2014.

{¶5} On March 7, 2014, Appellant filed a second motion to dismiss, continuing to assert he had not been properly served. Appellant noted, "The Court ordered the Franklin County Sherriff [sic] to perfect service; however, a civilian stalked [Appellant] to a domestic relations hearing on 2/11/14 and just handed over some folder that was promptly thrown in the garbage." Respondent's Second Motion to Dismiss at p.2.

{¶6} Appellant failed to appear at the March 12, 2014 hearing. Appellee requested the trial court appoint a private process server. Via Order filed March 12, 2014, the magistrate noted Appellant had failed to appear for the hearing; granted Appellee's request and appointed Steve A. Campbell of SACS Legal Courier Service, LLC, as the private process server; and ordered the Clerk of Courts to re-issue service on Appellant with copies of the March 12, 2014 order; the ex parte civil stalking protection order; and Appellee's petition for civil stalking protection order. The March 12, 2013 hearing was continued to May 7, 2014. Appellant was personally served on March 15, 2014.

{¶7} The trial court conducted the final hearing on May 7, 2014. On May 8, 2014, the trial court issued a four-year protection order against Appellant.

{¶8} It is from this order Appellant appeals, raising the following assignments of error:

{¶9} "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION IN DETERMINING THAT RESPONDENT HAD BEEN PROPERLY SERVED.

{¶10} "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT PROPERLY SERVING RESPONDENT WITH THE 5/7/14 *JUDGMENT ENTRY* AND

THEN CONDUCTING THE *ORDER OF PROTECTION* HEARING THAT VERY SAME DAY."

I

**{¶11}** In his first assignment of error, Appellant argues the trial court committed plain error and abused its discretion in determining Appellant had been properly served. Specifically, Appellant contends the magistrate was not authorized to appoint a process server because Appellee never filed a written motion requesting such as required by Civ. R. 4.1(B).

**{¶12}** The Civil Rules do not apply to special statutory proceedings "to the extent that they would by their nature be clearly inapplicable." Civ.R. 1(C)(7). A special proceeding is one specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. See, R.C. 2505.02(A)(2); and *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 105 & 107, 616 N.E.2d 213. Where the law confers a right and authorizes a special application to a court to enforce it, the proceeding is "special" as opposed to "ordinary". *Id.* at 105, quoting *Schuster v. Schuster* (1907), 84 Minn., 403, 407, 87 NW 1014, 1015.

**{¶13}** We find a civil stalking protection order is a special proceeding; therefore, Appellee was not required to file a written request for the appointment of a private process server. The court had authority to appoint a process server to effectuate service required by R.C. 2903.214.

**{¶14}** Appellant's first assignment of error is overruled.

II

{¶15} In his second assignment of error, Appellant maintains the trial court committed plain error by not properly serving him with the May 7, 2014 Judgment Entry and then conducting the hearing on Appellee's petition for civil stalking protection order.

{¶16} We find a review of the record belies Appellant's assertion he was not properly served. The record establishes Appellant was personally served on March 15, 2014, with the March 12, 2014 Order, scheduling the hearing on Appellee's petition for May 7, 2014; as well as copies of the petition and the ex parte civil stalking protection order issued October 21, 2013. Because Appellant was properly served, we find the trial court did not commit plain error in conducting the hearing on May 7, 2014.

{¶17} Appellant's second assignment of error is overruled.

{¶18} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur