*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0775**

In the Matter of:

Ester Berestov, on behalf of minor children, petitioner,
Respondent,

vs.

Betsalel Berestov,
Appellant.

**Filed February 26, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Blue Earth County District Court
File No. 07-FA-23-948

Ester Berestov, Confidential Address (pro se respondent)

Michelle K. Olsen, Jacob M. Birkholz, Birkholz & Associates, LLC, Mankato, Minnesota
(for appellant)

Considered and decided by Wheelock, Presiding Judge; Smith, Tracy M., Judge;
and Gaïtas, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

On appeal from a district court's grant of an order for protection (OFP), appellant
Betsalel Berestov argues that the OFP must be reversed for two reasons. First, he argues
that the record does not support the district court's findings because the district court based

its decision on the OFP petition and accompanying affidavit even though those documents were not offered as evidence during the hearing. Second, he argues that the district court's findings do not support the grant of an OFP. Because we reject appellant's argument that the district court erred by considering the petition and affidavit, and because the district court made sufficient findings to support the grant of an OFP, we affirm.

## FACTS

Appellant and respondent Ester Berestov married in 2003 and remained married at the time that the OFP was granted. In March 2023, respondent filed a petition for an OFP against appellant for herself and the parties' five minor children. Respondent attached an affidavit to her petition detailing allegations of domestic abuse. The district court issued an emergency ex parte OFP and, at the same time, ordered that a hearing be held several days later to address the merits of the petition.

**Allegations in the Affidavit**

Respondent's affidavit stated that, in September 2022, she fled with the five children and that she and the children had since been living in a domestic-violence shelter. Respondent stated that, days before she left the parties' home, appellant knowingly hurt her during sex and refused to stop when she asked him to. She stated that, in 2015, appellant slapped her in the face when she fell asleep with their newborn baby. She also stated that he once hit her face with a plate because she forgot to put salt on the table. Respondent made various allegations about how appellant did not help her in the home or with the children. She also stated that appellant cut her off from her friends and family, traced her phone, had six recording apps on his phone, and tracked her car with an "air tag." She

2

stated that she "was afraid that [appellant] would catch [her] outside the city and kill [her]" and that, one time, when she interrupted him, he told her, "Come here I will hit you with a shovel."

She also stated that appellant periodically beat their oldest son, E.B. She stated that when E.B. was eight, appellant "kicked him out of the car at night and left." She further stated that, when E.B. was ten, appellant "kicked him . . . lots of times" and, when E.B. was eleven, appellant "hit him with legs and fists."

Respondent also described incidents involving their other son, L.B. She stated that appellant hit L.B. "several times a day since he was 19 months and until 2 . . . and a half" years old. She stated that appellant's hitting did not leave bruises, but it caused L.B. to become afraid. She also stated that appellant left L.B. at a store for 20 minutes when L.B. was only three years old.

**The Hearing**

Appellant and respondent both appeared for the OFP hearing; neither had counsel. The district court had both parties sworn in as witnesses. The district court then began questioning respondent. The district court first asked, "You submitted a lengthy affidavit to the Court in the form of a petition. Do you remember that?" Respondent replied, "Yes." The district court then asked, "[D]o you remember the contents of [the affidavit]?" And respondent again replied, "Yes." The district court continued, "Is all the information you provided in that document true and correct?" Respondent replied, "Yes, it's true." The district court then asked, "[I]s . . . there[] anything you want to add to supplement that document now that you're here under oath?" Respondent replied by describing a property

3

dispute, and the district court explained that it would not consider that dispute in the OFP proceeding.

The district court next questioned appellant, beginning by asking him to "tell [the court] [his] side." Appellant started by explaining that he attempted to translate respondent's affidavit and petition (which were written in English) and that there were many things in those documents that were "not true."[1] Appellant first pointed to the incident with the shovel and explained, in detail, his version of what happened. Essentially, appellant said that respondent was asking him for shopping money for the children while appellant was laying out hay in a small shed with a pitchfork and, while respondent was standing near him, appellant told her, "Step away or I might hit you with the pitchfork." He explained that he was not threatening respondent but rather was making the statement for her safety. He also provided explanations for the allegations in the affidavit regarding surveillance and the division of work at home. The district court asked if appellant wanted to add anything else, and he did not provide further substantive testimony.

The district court concluded the hearing by saying that respondent had indicated that what she said in her petition was true and correct and that appellant had addressed those issues. The district court took the matter under advisement and filed an OFP in favor of respondent and the parties' five children. In its order, the district court found that "[a]cts of domestic abuse ha[d] occurred, including: a threat using a pitchfork by [appellant], and a long history of abusive language and physical conduct against all protected persons."

---

[1] A Russian interpreter was present at the hearing.

Appellant brings this appeal.[2]

## DECISION

The Minnesota Domestic Abuse Act, Minnesota Statutes section 518B.01 (2022), enables a district court to grant a petition for an OFP when domestic abuse has occurred. Minn. Stat. § 518B.01, subd. 4. A petitioner seeking an OFP must demonstrate by a preponderance of the evidence that domestic abuse occurred. *See Oberg v. Bradley*, 868 N.W.2d 62, 64 (Minn. App. 2015).

Appellate courts review a district court's decision to grant an OFP for an abuse of discretion. *Thompson v. Schrimsher*, 906 N.W.2d 495, 500 (Minn. 2018). The district court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). On appeal, the appellant carries the burden of showing that the district court erred. *Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944) ("[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal[,] . . . [and] the burden of showing error rests upon the one who relies upon it.").

I. **The district court did not improperly consider respondent's OFP petition and supporting affidavit.**

Appellant first challenges the evidentiary basis for the district court's factual findings of domestic abuse.[3] Appellant's argument is premised on his contention that

---

[2] Respondent did not file a brief, and we decide the case on the merits. *See* Minn. R. Civ. App. P. 142.03.

[3] It appears from appellant's brief on appeal, in which he is represented by counsel, that he challenges only the evidentiary basis for the OFP on behalf of the children.

5

respondent's sworn affidavit and petition for an OFP, which incorporated respondent's statements describing domestic abuse against herself and the children, were not part of the evidentiary record on which the district court could rely when deciding whether to grant the OFP because neither party introduced the documents into evidence at the hearing. We therefore begin by determining whether the district court erred by treating respondent's petition and affidavit as evidence when ruling on her request for an OFP.

An OFP hearing is a special proceeding. *Steeves v. Campbell*, 508 N.W.2d 817, 818 (Minn. App. 1993). A special proceeding is "such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief." *Chapman v. Dorsey*, 41 N.W.2d 438, 441 (Minn. 1950). "Special proceeding" has been defined even more broadly, as a generic term for civil remedies that are not ordinary actions. *Anderson v. Langula*, 230 N.W. 645, 645 (Minn. 1930). A special proceeding is governed by the statute creating the special proceeding and need not proceed as other civil cases unless there is language in the statute indicating that it must. *See Steeves*, 508 N.W.2d at 818 (concluding that, where there is no language in Minnesota Statutes section 518B.01 requiring that domestic abuse matters be tried and appealed as in other civil cases, a new trial motion is not authorized and an order denying such a motion is not appealable).

Appellant cites only one legal authority—Minnesota Rule of Evidence 104(b)—in support of his contention that a party must introduce the petition and affidavit for it to be considered as evidence by the district court in an OFP hearing. Rule 104(b) provides, "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the

6

court shall admit it upon, or in the court's discretion subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." By its terms, rule 104(b) does not apply to situations where the evidence at issue is directly relevant to the matter at hand. Here, the evidence in respondent's affidavit and petition was directly relevant to the issue of domestic abuse and did not depend on the fulfillment of a condition of fact. Accordingly, rule 104(b) does not apply. Moreover, appellant has provided neither legal authority nor otherwise persuasive argument for the idea that rule 104(b) stands for the general proposition that appellant advances—specifically, that no evidence is "reviewed unless it has been offered and received into evidence." Because appellant's only legal challenge to the district court's consideration of the OFP petition and affidavit as part of the record fails, appellant has not met his burden of showing that the district court erred.

We also observe that appellant's argument is inconsistent with the structure of the statute creating OFP proceedings. There is no language in Minnesota Statutes section 518B.01 requiring the introduction of the petition and affidavit at the OFP hearing. On the contrary, the statute implies that the petition and affidavit are part of the evidentiary record before the district court. To obtain an OFP, a petitioner must submit a petition "alleg[ing] the existence of domestic abuse" and "an affidavit made under oath stating the specific facts and circumstances from which relief is sought." Minn. Stat. § 518B.01, subd. 4(b). In many situations a hearing must be held. *Id.*, subd. 5(a), (b). However, there are situations in which a hearing is not required. *Id.*, subd. 5(b). Thus, there are situations where the entire evidentiary record is composed solely of the petition and affidavit.

This does not mean that the rules of evidence do not apply in OFP proceedings. They do. *Olson ex rel. A.C.O. v. Olson*, 892 N.W.2d 837, 841-42 (Minn. App. 2017) (holding that district court erred by basing findings of domestic abuse on objected-to hearsay statements made by a child to the child's therapist that were included in petition and supporting affidavit). But appellant did not raise any evidentiary issues with the contents of the petition or affidavit at the start of the hearing when respondent adopted the contents of the affidavit as true or at any other time during the hearing. And, on appeal, he identifies no evidentiary objection besides his objection based on rule 104(b), which does not apply.

Lastly, we observe that appellant was not prejudiced by the district court's considering the affidavit testimony. The petition and sworn affidavit that were required to seek an OFP informed appellant in advance of what the hearing would be about. And it was clear at the start of the hearing that the district court would consider the documents when it asked respondent about her affidavit and she confirmed that the contents were true. Furthermore, when asked for his side of the story, appellant responded to the allegations in the affidavit, indicating that he knew that those allegations were at issue in the hearing. Indeed, if this court adopted appellant's argument, and either reversed the grant of the OFP or remanded for the district court to reevaluate whether to re-grant the OFP, respondent would formally enter the petition and affidavit as evidence, and the OFP would be re-granted. Thus, we conclude that appellate relief is not appropriate here. *See* Minn. R. Civ. P. 61 (requiring courts to ignore harmless error); *Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (refusing to remand when doing so would not change the result).

In sum, appellant has failed to demonstrate that the district court prejudicially erred by relying on respondent's petition and sworn affidavit in making factual findings.

## II. The district court's factual findings support the grant of the OFP.

Appellant makes three challenges to the district court's findings and the decision to grant an OFP.

First, appellant asserts that "the district court failed to make proper findings so that this Court can make a proper review." Appellant is correct that the district court must make sufficient findings to enable appellate review. *Hansen v. Todnem*, 908 N.W.2d 592, 597 n.2 (Minn. 2018). Findings are sufficient to permit appellate review of a district court's exercise of discretion if the district court identifies its decision and the basis for that decision. *See Hagen v. Schirmers*, 783 N.W.2d 212, 217 (Minn. App. 2010).

Here, the district court determined that an OFP was warranted because acts of domestic abuse occurred. The district court identified two bases for its conclusion that domestic abuse occurred: (1) "a threat using a pitchfork by [appellant]" and (2) "a long history of abusive language and physical conduct against all protected persons." Appellant suggests that these findings are insufficient to allow us to review the district court's decision for an abuse of discretion because "[t]he district court [did] not provide what the language or conduct [was] or how it can be determined that these statements or actions are domestic abuse by definition." The argument is unpersuasive. The district court's findings are sufficient to allow this court to review whether the findings are supported by the record and to review the district court's determination that appellant's conduct constituted domestic abuse within the meaning of the statute. *See id.*

9

Second, appellant argues that "the record is devoid of evidence to qualify Respondent to an Order for Protection" and that the district court made findings that are contrary to the record. We disagree. Respondent's affidavit described an incident where appellant became angry and said, "Come here I will hit you with a shovel." In addition, respondent's affidavit described a history of abusive language and physical conduct: (1) appellant knowingly hurt respondent during sexual intercourse; (2) appellant argued with respondent for three days without stopping and told her how bad she was; (3) when respondent told appellant she wanted to leave, appellant said "I will find you everywhere, I will not let you be happy with nobody else"; (4) appellant hit respondent's face with a plate; (5) appellant periodically beat the parties' oldest son, E.B.; (6) appellant kicked E.B. out of the car at night and left; (7) appellant slapped respondent in the face; (8) appellant hit their youngest son, L.B.; (9) appellant would start to take L.B.'s sweater off and leave it on L.B.'s head, which would scare L.B.; and (10) appellant would stop the car sharply when respondent was pregnant. The district court's findings are supported by the evidence in the record.

Third, appellant argues that these findings do not meet the standard for an OFP because the findings do not show that appellant intended to inflict fear of imminent harm. Domestic abuse includes any of the following acts committed against a family or household member: (1) "physical harm, bodily injury, or assault"; (2) "infliction of fear of imminent physical harm, bodily injury, or assault"; or (3) various enumerated crimes, including criminal sexual conduct. Minn. Stat. § 518B.01, subd. 2(a). An OFP issued under the second definition of domestic abuse—infliction of fear of imminent physical harm, bodily

injury, or assault—"is justified if a person manifests a present intention to inflict fear of imminent physical harm, bodily injury, or assault on the person's spouse." *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009). Intention to do present or imminent harm may "be inferred from the totality of the circumstances, including a history of past abusive behavior," and the petitioning party need not show an "overt physical act" of abuse. *Id.*

The district court found that appellant threatened respondent using a pitchfork, from which one could reasonably infer an intent to inflict fear of imminent harm.[4] In addition, the district court found a long history of abusive language and physical conduct from which the same intent could reasonably be inferred. Although appellant testified that his intent with his statement about the pitchfork was safety, credibility determinations and weighing the evidence are the province of the district court. *See Aljubailah ex rel. A.M.J. v. James*, 903 N.W.2d 638, 643 (Minn. App. 2017) ("An appellate court will neither reconcile conflicting evidence nor decide issues of witness credibility." (quotation omitted)). We

---

[4] We note that appellant's brief appears to assert that there were two separate incidents: one that respondent described involving a shovel, and one that appellant described—and that the district court found to have occurred—involving a pitchfork. But the record shows that the parties were addressing a single incident although they disagreed regarding the type of implement involved. In her affidavit and in her testimony at the hearing, respondent stated that appellant became angry and said, "Come here I will hit you with a shovel." In his testimony at the hearing, respondent stated that he wanted to address "the last thing [respondent] said about the shovel" and explained that, in fact, he had been using a pitchfork, not a shovel, and that he had been simply telling respondent to stay away from the pitchfork so he did not hit her. The district court found, based on the record, that appellant threatened respondent with a pitchfork.

conclude that the district court did not abuse its discretion by determining that appellant's conduct constituted domestic abuse.

**Affirmed.**