# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A26-0407

In re Washington County, Petitioner,

State of Minnesota,
Respondent,

vs.

Erik Lawrence Bader,
Respondent.

**Filed May 11, 2026**
**Writ denied**
**Frisch, Chief Judge**

Washington County District Court
File Nos. 82-CR-24-1681, 82-CR-25-626, 82-CR-25-1181, 82-CR-25-1601

Kevin M. Magnuson, Washington County Attorney, Andrew T. Jackola, Nicholas A. Hydukovich, Assistant County Attorneys, Stillwater, Minnesota (for petitioner)

Keith Ellison, Attorney General, St. Paul, Minnesota (for respondent State of Minnesota)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Virginia Murphrey, Tenth District Public Defender, Laurel O'Rourke, Assistant Public Defender, Anoka, Minnesota (for respondent Erik Bader)

Considered and decided by Frisch, Chief Judge; Reyes, Judge; and Harris, Judge.

## SYLLABUS

An order requiring a county to pay attorney fees arising from the state's motion under Minn. Stat. § 611.47, subd. 1 (2024), is independently appealable under Minn. R. Civ. App. P. 103.03(g).

## SPECIAL TERM OPINION

**FRISCH**, Chief Judge

Petitioner Washington County seeks a writ of prohibition to prevent the district court from enforcing its September 19, 2025 order directing the county to pay reasonable attorney fees for court-appointed counsel in proceedings arising from respondent State of Minnesota's motion for authorization to involuntarily administer neuroleptic medication to respondent Erik Lawrence Bader. Because an order requiring the county to pay attorney fees for a motion for involuntary administration of neuroleptic medication under Minn. Stat. § 611.47, subd. 1, is independently appealable, we deny the county's petition for a writ of prohibition.

## DECISION

The district court found Bader not competent to proceed in four separate criminal prosecutions and ordered that he participate in a competency-attainment program pursuant to Minn. Stat. § 611.46, subd. 1 (2024). On August 15, 2025, the state filed a motion seeking an order authorizing the involuntary administration of neuroleptic medication to Bader, pursuant to Minn. Stat. § 611.47, subd. 1. The district public defender's office, which represented Bader in the criminal proceedings, filed correspondence stating that it would not represent Bader at a hearing on the state's motion because such representation falls outside the scope of the public defender's mandate under Minn. Stat. §§ 611.14-.273 (2024).

In response to the motion and correspondence, the district court filed an order on September 5, 2025, setting a hearing on the state's motion, and directing "the Washington

County Attorney's Office, on behalf of Washington County, and the Tenth Judicial District Public Defender's Office [to] file letter briefs and/or memoranda of law" prior to the motion hearing. The district court directed the county to address whether Minnesota Statutes section 256G.08, subdivision 1 (Supp. 2025), requires the county to bear responsibility for the costs of hearings held under section 611.47, and directed the public defender's office to address whether sections 611.14 and 611.18 obligate it to provide representation. Following the hearing, the district court filed an order on September 19, 2025, in which it (1) concluded that the public defender's office is not statutorily obligated to provide representation to Bader, (2) stated that it would appoint counsel "with experience in commitment proceedings" to represent Bader with respect to the state's motion under Minn. Stat. § 611.47, subd. 1, for authorization to involuntarily administer the neuroleptic medication; and (3) directed the county to "pay all reasonable fees charged by that attorney for that representation." That same day, the district court appointed private counsel to represent Bader and ordered the county to pay all reasonable fees for that representation.

The State of Minnesota filed a petition for a writ of prohibition to preclude enforcement of the September 19 order. On February 3, 2026, we denied the state's petition, concluding that the state itself had not established a cognizable injury that would result from enforcement of the September 19 order. *State v. Bader (In re State)*, No. A25-1733 (Minn. App. Feb. 3, 2026) (order). Because we discerned no injury to the state, we did not resolve whether an adequate remedy at law existed in the form of an appeal under Minn. R. Civ. App. P. 103.03(g) or otherwise. *Id.*

3

On March 5, 2026, Washington County filed a petition for a writ of prohibition in this court, seeking to prevent the district court from enforcing its September 19 order. The county asks us to grant a writ of prohibition on the basis that (1) the district court exceeded its authority by ordering the county to bear the costs of Bader's representation on the state's motion for authorization to involuntarily administer neuroleptic medication, and (2) the district court's order results in an injury for which there is no adequate remedy because Minn. R. Civ. App. P. 103.03(g) "does not provide an avenue for appeal." Bader opposes the petition, arguing that the district court did not exceed its lawful authority, and that the county has an adequate remedy by way of an appeal under Minn. R. Civ. App. P. 103.03(g).

Prohibition is an extraordinary remedy that is "only used in extraordinary cases." *Underdahl v. Comm'r of Pub. Safety (In re Comm'r of Pub. Safety)*, 735 N.W.2d 706, 710 (Minn. 2007). For such a writ to issue from an appellate court, a petitioner must meet three requirements: "(1) an inferior court or tribunal must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) the exercise of such power must result in injury for which there is no adequate remedy." *State v. Turner*, 550 N.W.2d 622, 625 (Minn. 1996) (quotation omitted). The failure to establish any of the requirements for a writ of prohibition will result in denial of the petition. *Smith v. Tuman*, 114 N.W.2d 73, 77 (Minn. 1962).

The county focuses its argument on the second and third requirements for issuance of a writ of prohibition. Because it resolves our inquiry, we focus on the third requirement: whether the county has an adequate remedy for the injury it asserts.

The county argues that Minn. R. Crim. P. 28.04 does not permit an appeal from the September 19 order. We agree. Rule 28.04 allows the state to appeal certain decisions in criminal prosecutions, but an order directing the payment of attorney fees is not among the decisions identified as appealable. *See* Minn. R. Crim. P. 28.04.

The county also argues that the September 19 order was procedurally improper because the county did not receive notice that the district court would be deciding whether the county would be responsible for the payment of Bader's attorney fees. But the district court's September 5 order directed the county attorney, on behalf of the county, to file a brief addressing whether the county is statutorily obligated to bear the cost, and the county attorney filed a brief addressing that question. Thus, the county has not established that it lacked notice.

The county next argues that it does not have an adequate remedy under Minn. R. Civ. App. P. 103.03(g). We disagree. Rule 103.03(g) provides that an appeal may be taken from a final order, decision, or judgment affecting a substantial right in a special proceeding. Minn. R. Civ. App. P. 103.03(g). "An order is 'final' under Rule 103.03(g) when the matter is conclusively terminated so far as the court issuing the order is concerned, and the court anticipates no further action on the matter." *In re Est. of Figliuzzi*, 979 N.W.2d 225, 231 (Minn. 2022) (quotation omitted). Generally, a special proceeding is "such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief." *County of Stearns v. Schaaf*, 472 N.W.2d 191, 192 (Minn. App. 1991) (quoting *Chapman v. Dorsey*, 41 N.W.2d 438, 440 (Minn. 1950)). The existence of a special proceeding "is not dependent upon the existence

5

of any other action and it therefore is not an integral part of the original action but is separate and apart." *In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 756 (Minn. 2005) (quotation omitted).

We conclude that the district court's September 5 order—which required the public defender's office and the county to submit briefing on the issue of financial responsibility for Bader's representation for the state's motion under Minn. Stat. § 611.47, subd 1—initiated a special proceeding independent of the underlying criminal action. Further, the district court's September 19 order affects the county's substantial rights because it requires the county to "pay all reasonable fees" for counsel appointed by the district court to represent Bader in proceedings related to the state's motion under Minn. Stat. § 611.47, subd. 1. *Cf. In re Application of Jobe*, 477 N.W.2d 723, 725 (Minn. App. 1991) (concluding "order pertaining to payment of expert witness fees arose from a special proceeding and is appealable under Minn. R. Civ. App. P. 103.03(g)"). And the September 19 order is final because it conclusively determined that the county is responsible for paying Bader's reasonable attorney fees.

For the foregoing reasons, we conclude that the order requiring the county to pay attorney fees for Bader's representation relating to the state's motion under Minn. Stat. § 611.47, subd. 1, for authorization to involuntarily administer neuroleptic medication is a final order in a special proceeding and is therefore appealable under Minn. R. Civ. App. P. 103.03(g). Because the order is independently appealable, the county has an adequate remedy. Accordingly, we deny the county's petition for a writ of prohibition.

**Writ denied.**