**In re the Matter of Maria Shirley SWENSON, Petitioner, Appellant,**

**v.**

**Kenneth Wayne SWENSON, Respondent.**

**No. C4–92–816.**

Court of Appeals of Minnesota.

Oct. 20, 1992.

Susan A. McKay, McRae and McRae, P.A., Bemidji, for appellant.

Thomas L. D'Albani, Cann, Schmidt, Haskell & D'Albani, P.A., Bemidji, for respondent.

Considered and decided by AMUNDSON, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

LANSING, Judge.

A wife who obtained an order for protection against her husband challenges a provision of the order excluding her from a shared dwelling and the order's failure to include required statutory notices. We re-verse and remand to the district court to restructure the remedy consistent with the statute and this opinion.

## FACTS

On petition of Maria Swenson, the district court entered a temporary order for protection. After a two-day hearing in March 1992, the court issued an order finding that Kenneth Swenson had committed acts of domestic abuse and ordered that the abused party, Maria Swenson, be excluded from the couple's home. The order did not include statutorily required notices of the consequences of violating the order for protection.

Maria Swenson unsuccessfully petitioned the court of appeals for a writ of prohibition to restrain enforcement of that part of the district court's order excluding her from the house. In March 1992 Kenneth Swenson filed for dissolution of their fourteen-year marriage. In June the dissolution court issued an order continuing Kenneth Swenson's temporary possession of the couple's home.

The dissolution order does not specifically modify the domestic abuse order or consolidate the domestic abuse proceeding. *See* Minn.Stat. § 518B.01, subd. 11 (1990) (a court may modify an order for protection upon application, notice to all parties, and a hearing); *see also* Minn.Stat. § 518B.01, subd. 6(c) (Supp.1991) (a protection order granting relief under subdivision 6(a)(1) may not be modified or vacated in dissolution proceedings except on specific notice and, if consolidation and modification are granted, on issuance of a separate order).

## ISSUES

I. Did the district court exceed its authority under the Domestic Abuse Act, Minn.Stat. § 518B.01 (1990), when it issued an order for protection which excluded the abused party from the couple's shared home and instead gave sole possession to the abusing party?

II. Did the district court invalidate its order for protection by failing to include

the notices required by Minn.Stat. § 518B.01, subd. 18 (1990)?

## ANALYSIS

### I

■ The Domestic Abuse Act enables a person to petition the district court for an order for protection in cases of domestic abuse. Minn.Stat. § 518B.01, subd. 4 (Supp.1991). The definition of domestic abuse includes "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members." *Id.*, subd. 2(a) (Supp.1991). The court may grant an ex parte temporary order for protection, pending a full hearing, if a person alleges an immediate and present danger of domestic abuse. *Id.,* subd. 7 (1990). After the hearing a court may provide various types of relief for a fixed period not to exceed one year, unless a longer period is appropriate. *Id.*, subd. 6 (Supp.1991).

The district court found that Kenneth Swenson had committed an act of domestic abuse, and he does not appeal that finding. Subdivision 6(a) lists the relief a court may provide on a finding of domestic abuse. Clause 2 of that subdivision states that a court may "exclude the *abusing party* from the dwelling which the parties share or from the residence of the petitioner." (Emphasis added.) The court awarded Maria Swenson exclusive possession of the house for the month of April only, with the exception of April 20 when her husband was allowed on the premises from 9:00 a.m. to 4:00 p.m. to inventory his personal property and review the homestead in preparation for the couple's dissolution of marriage. Beginning May 1 the court ordered that Kenneth Swenson have exclusive possession of the house.

Unlike subdivision 7(a)(2) which permits the court in a temporary ex parte order to "exclude any party from the dwelling they share or from the residence of the other," the posthearing remedies of subdivision 6 do not authorize exclusion of the *abused* party from the parties' shared home. Although clause 7 of subdivision 6 permits the court to "award temporary use and possession of property and restrain one or both parties from transferring, encumbering, concealing, or disposing of property * * *," this general provision does not alter the more specific provision of clause 2 which directly addresses the issue of the parties' shared "dwelling" and the petitioner's "residence," and provides only that the abusing party may be excluded from the shared dwelling or the petitioner's residence.

■ Clause 9 of subdivision 6 demonstrates the remedial nature of the statute and permits the court to "order, in its discretion, other relief as it deems necessary for the protection of a family or household member." As a remedial statute, the Domestic Abuse Act receives liberal construction. *See Krause v. Merickel,* 344 N.W.2d 398 (Minn.1984). The liberal construction accorded remedial legislation, however, is "remedial solely in favor of an injured * * * person." *Leppla v. American Family Ins. Group,* 306 Minn. 478, 238 N.W.2d 592, 595 (1976) (quoting *Christensen v. Hennepin Transp. Co.,* 215 Minn. 394, 412, 10 N.W.2d 406, 416 (1943)).

■ The court found that the only person entitled to protection under the statute was Maria Swenson. The construction of the statute may not be expanded in a way that does not advance its remedial purpose. *See Rigwald v. Rigwald,* 423 N.W.2d 701, 705 (Minn.App.1988) (statute does not authorize court to require abused party to maintain mortgage payments as a condition of granting her exclusive use of homestead). The district court erred in excluding Maria Swenson from the parties' shared residence.

### II

■ The Domestic Abuse Act requires that each order for protection include certain notices:

Each order for protection granted under this chapter must contain a conspicuous notice to the respondent or person to be restrained that:

(1) violation of an order for protection is a misdemeanor punishable by imprisonment for up to 90 days or a fine of up to $700 or both;

(2) the respondent is forbidden to enter or stay at the petitioner's residence, even if invited to do so by the petitioner or any other person; in no event is the order for protection voided; and

(3) a peace officer must arrest without warrant and take into custody a person whom the peace officer has probable cause to believe has violated an order for protection restraining the person or excluding the person from a residence.

Minn.Stat. § 518B.01, subd. 18 (1990). We agree that the district court erred in not including the notices of the consequences of violating the order, but we do not agree with Maria Swenson's argument that the omission makes the order unenforceable.

■■■ First, although a court may not enforce a void judgment, it may enforce a voidable judgment until it is found erroneous. *State v. Andrasko*, 454 N.W.2d 648, 650 (Minn.App.1990) (order for protection, though voidable because erroneously issued, is punishable under the statute when it was violated before the order was voided), *pet. for rev. denied* (Minn. June 25, 1990). Maria Swenson's protection order would be void only if the district court lacked jurisdiction over the parties or the subject matter, which it did not. *See id.* at 650.

Second, the statute specifically provides that violation of the protection order is a misdemeanor "[w]henever * * * the * * * person to be restrained knows of the order * * *." Minn.Stat. § 518B.01, subd. 14(a) (Supp.1991). A violation of the order "shall also constitute contempt of court and be subject to the penalties therefor." *Id.*, subd. 14(c). There is no question that Kenneth Swenson knew of the court's order and that it could be enforced against him.

Third, Maria Swenson is not entirely accurate in asserting that the omission of clause 2 of subdivision 18 leaves her without protection. The order for protection states that "[t]here shall be no contact by the respondent to the petitioner by either phone, [or] letter. All contact shall be between their attorneys." The order clearly gave Kenneth Swenson adequate notice that he is not to have contact with Maria Swenson.

The current order, however, does not provide relief that excludes Kenneth Swenson from the parties' shared dwelling or Maria Swenson's residence. Access to and possession of the parties' house is, of course, at the heart of this appeal.

■■■ Any lack of protection comes not from the absence of the warning but because the district court did not order this relief under subdivision 6(a)(2). Subdivision 6, which lists available relief, says that a court *may* exclude the abusing party from the shared dwelling or from the petitioner's residence, but it does not require exclusion. Subdivision 18, mandating notice to the restrained party, says that every order for protection "*must* contain a conspicuous notice" that "respondent is forbidden to enter or stay at the petitioner's residence, even if invited * * *." (Emphasis added.)

The question is whether the language of a mandatory notice can transform a discretionary remedy into a mandatory remedy. We think not. Although it seems unlikely as a practical matter that a judge who found that domestic abuse had occurred would not order an abusing party to stay away from a petitioner's residence, the language of subdivision 6(a)(2) does allow the judge that option. Had the legislature intended to require exclusion of the abusing party from petitioner's residence in every case of domestic abuse, it would have placed the mandatory language in the substantive section rather than the notice provision.

■■■ Additionally, a statute must be read and construed as a whole; one section should not be considered apart from other sections. *Knopp v. Gutterman*, 258 Minn. 33, 40–41, 102 N.W.2d 689, 695 (1960). Reading the act as a whole, the essence of subdivision 6, clause 2 is that a protection order is never voided simply because a petitioner invites the respondent into the

residence which the court has ordered respondent not to enter. Clause 2 does not create a new remedy; rather it notifies the respondent that a protection order restraining respondent from entering petitioner's residence cannot be defeated by an invitation to enter. The mandatory notice in subdivision 18(2) applies only to the extent that it is consistent with the remedy ordered by the court.

## DECISION

The district court erred by ordering a remedy not available under Minn.Stat. § 518B.01, subd. 6 and by not including the notices required in clauses 1 and 3 of subdivision 18. We remand the case to the district court to restructure its remedy consistent with the statute and this opinion and independent of the June 26, 1992, order in the dissolution proceedings.

Reversed and remanded.