Bradlee G. STEEVES, Sr., Petitioner,
Respondent,

v.

Laura CAMPBELL, Appellant,

Justin Turner, Lower Court Respondent.

No. C1–93–1612.

Court of Appeals of Minnesota.

Nov. 30, 1993.

Krista K. Martin, Pine City, for appellant.

Rudolph G. Maurine, Jr., Roseville, for respondent.

Considered at Special Term and decided by ANDERSON, C.J., and PARKER and SHORT, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

Appellant Laura Campbell and respondent Bradlee G. Steeves, Sr. are the parents of two minor children. In an earlier parentage action, Campbell received custody of the children. On June 8, 1993, Steeves filed a domestic abuse petition on the children's behalf, alleging that Campbell had failed to protect the children from threats and physical abuse by her companion. After an evidentiary hearing, the district court issued an order on June 14, 1993, granting the petition and transferring physical custody of the children to Steeves for one year.

Campbell moved for amended findings or a new trial. By order dated July 2, 1993, the district court denied the motion, except to limit the award of custody to January 1, 1994, and to specify that the June 14 order was subject to amendments resulting from pending family and juvenile court proceedings.

Campbell filed this appeal from the July 2 order on August 9, 1993. This court questioned whether an order denying a new trial is appealable in a domestic abuse proceeding.

### DECISION

■ Domestic abuse proceedings brought pursuant to Minn.Stat. § 518B.01 (1992) are "special proceedings" within the meaning of Minn.R.Civ.App.P. 103.03(g). *See Chapman v. Dorsey*, 230 Minn. 279, 283, 41 N.W.2d 438, 440 (1950) (special proceeding is such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, to obtain special relief). Orders under section 518B.01 are final orders in special proceedings and are appealable. *Rigwald v. Rigwald*, 423 N.W.2d 701, 705 (Minn. App.1988); *see* Minn.R.Civ.App.P. 103.03(g).

■ Generally, in special proceedings, the proper appeal is from the original order or judgment granting or denying relief, and a new trial motion is unnecessary to preserve issues for appeal. *See Tonkaway Ltd. Partnership v. McLain*, 433 N.W.2d 443 (Minn. App.1988) (order denying a new trial in unlawful detainer proceedings is not appealable). But where the legislature has indicated its intent that special proceedings be governed by the same rules as other civil cases, a new trial motion is authorized and an appeal may be taken from an order denying a new trial. *In re Jost*, 449 N.W.2d 719 (Minn. 1990) (appeal authorized from order denying a new trial in commitment proceedings where statute indicates appeal is taken "as in other civil cases"); *Schiltz v. City of Duluth*, 449 N.W.2d 439 (Minn.1990) (order denying new trial in mandamus action appealable where statute indicates matter is to be tried and appealed as in other civil cases).

■ Although a hearing is required under the domestic abuse act, *see* Minn.Stat. § 518B.01, subd. 5, there is no language in the act requiring that domestic abuse matters be tried and appealed as in other civil cases. Because the legislature has not indicated that these matters are to proceed as other civil cases, a new trial motion in domestic abuse proceedings under Minn.Stat. § 518B.01 is not authorized, and an order denying such a motion is not appealable.

■ In this case, Campbell's motion for amended findings or a new trial did not extend the time to appeal the June 14 order for protection.[1] But the time to appeal the

---

1. Under a new appellate rule promulgated in 1992, certain motions, including a timely motion for amended findings, extend the time to seek review of an appealable order or judgment in marital dissolution actions. *See* Minn.R.Civ. App.P. 104.04, subd. 2. Rule 104.04 does not

June 14 order had not expired when this appeal was filed, because Steeves did not serve notice of filing to limit the time to appeal. *See* Minn.R.Civ.App.P. 104.01, 104.03 (time to appeal final order in a special proceeding expires 30 days after adverse party serves notice of filing). To expedite review of the child custody determination and because there is no indication Steeves was misled by the error, we will construe the appeal to be from the June 14 order. *See* Minn.App.Spec.R.Pract. 1 (cases involving child custody will be given priority); *Kelly v.* *Kelly,* 371 N.W.2d 193, 195–96 (Minn.1985) (notices of appeal to be liberally construed in favor of sufficiency, if defects could not have been misleading).

**Appeal to proceed.**

apply to this case, however, because this appeal arose from a domestic abuse proceeding, and not from a marital dissolution action.