In the Matter of Ashley Lynn
**SPERLE, Petitioner,**
**Appellant,**

v.

**Jeremy ORTH, Respondent.**

**No. A08–0774.**

Court of Appeals of Minnesota.

April 7, 2009.

Elizabeth J. Richards, Bryan A. Welp (certified student attorney), Minnesota Coalition for Battered Women, St. Paul, for appellant.

Alfred S. Alliegro, Johnson, Grundhoefer & Alliegro, LLC, Center City, for respondent.

Considered and decided by LARKIN, Presiding Judge; MINGE, Judge; and STAUBER, Judge.

## OPINION

LARKIN, Judge.

Appellant challenges the district court's dismissal of her petition for an order for protection under the Domestic Abuse Act, Minn.Stat. § 518B.01 (2006). Appellant contends that a former relationship may qualify as a significant romantic or sexual relationship under the plain language of the Domestic Abuse Act and that the district court must consider the length of the parties' relationship, the type of relationship, the frequency of interaction between the parties, and the length of time since termination of the relationship when determining whether a former relationship qualifies as a significant romantic or sexual relationship. Because a former relationship may qualify as a significant romantic or sexual relationship under the Domestic Abuse Act, and because the record does not reflect the district court's consideration of the factors that must be analyzed when determining whether a former relationship qualifies, appellate review is not possible. We therefore reverse and remand.

## FACTS

Appellant Ashley Sperle and respondent Jeremy Orth were involved in a romantic relationship for approximately three years. The parties began their relationship when Sperle was in high school. The relationship continued after Sperle began attending college, and the parties had contact on a monthly basis. Sperle ended the romantic aspect of the relationship in approximately January 2008, but the parties continued to communicate over the Internet. On February 25, 2008, their communications became hostile. In an e-mail to Sperle, Orth allegedly stated that he hoped Sperle's new boyfriend would kill her, "[o]r I will." Sperle reported the e-mail to the police. A few days later, Sperle filed a petition for an order for protection (OFP).

The district court held a hearing on the petition on March 5, 2008. At the hearing, Orth argued that he and Sperle were not family or household members as defined by Minn.Stat. § 518B.01, subd. 2(b) (2006), because they were not currently involved in a significant romantic or sexual relationship. *Id.*, subd. 2(b)(7). The district court dismissed Sperle's petition concluding that "[a] Domestic Abuse Order is not appropriate because [Orth] is not a family or household member within the statutory definition." The district court did not make any findings regarding whether domestic abuse, as defined by Minn.Stat. § 518B.01, subd. 2(a), had occurred. This appeal follows.

## ISSUE

Did the district court err by dismissing Sperle's petition for an OFP against Orth because the parties were not family or household members without first considering whether the parties' former relationship qualified as a significant romantic or sexual relationship under the Domestic Abuse Act?

## ANALYSIS

■ The decision to grant an OFP under the Domestic Abuse Act is within the district court's discretion. *See id.*, subd. 6(a) (stating, "Upon notice and hearing, the court *may* provide relief" (emphasis added)); *Braend ex rel. Minor Children v. Braend,* 721 N.W.2d 924, 926–27 (Minn. App.2006) (citing *Chosa ex rel. Chosa v.*

*Tagliente,* 693 N.W.2d 487, 489 (Minn.App. 2005)). "A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law." *Braend,* 721 N.W.2d at 927.

The Domestic Abuse Act allows a victim of domestic abuse to petition for relief from the court. Minn.Stat. § 518B.01, subds. 4, 6. Domestic abuse is defined to include several acts, but only if those acts are "committed against a family or household member by a family or household member." *Id.,* subd. 2(a). The Domestic Abuse Act defines seven categories of family or household members, including "persons involved in a significant romantic or sexual relationship." *Id.,* subd. 2(b)(7). The "Definitions" section of the Domestic Abuse Act provides additional guidance for determining whether a relationship qualifies as "a significant romantic or sexual relationship." *Id.,* subd. 2(b).

> In determining whether persons are *or have been involved* in a significant romantic or sexual relationship under clause (7), the court *shall* consider [1] the length of time of the relationship; [2] type of relationship; [3] frequency of interaction between the parties; and, [4] if the relationship has terminated, length of time since the termination.

*Id.* (emphasis added).

The district court dismissed Sperle's petition concluding that an OFP was inappropriate because Orth was not a family or household member as defined by the Domestic Abuse Act. In so determining, the district court explained that "while these parties may have been in that type of relationship in the past they are not now." The district court apparently read subdivision 2(b)(7) in isolation and interpreted the phrase "involved in a significant romantic or sexual relationship" to require that the parties be currently involved in such a relationship. Sperle argues that a former

relationship may qualify as a significant romantic or sexual relationship and that the district court erred by dismissing her petition without first addressing the specific statutory considerations that are used to determine whether a former relationship qualifies. *Id.*

■ "Where the legislature's intent is clearly discernable from plain and unambiguous language, statutory construction is neither necessary nor permitted and we apply the statute's plain meaning." *Hans Hagen Homes, Inc. v. City of Minnetrista,* 728 N.W.2d 536, 539 (Minn.2007); *see also* Minn.Stat. § 645.16 (2008) (providing that when the language of a statute is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). The Domestic Abuse Act, as a remedial statute, receives liberal construction but it "may not be expanded in a way that does not advance its remedial purpose." *Swenson v. Swenson,* 490 N.W.2d 668, 670 (Minn. App.1992).

The phrase "persons involved in a significant romantic or sexual relationship" in subdivision 2(b)(7) does not expressly include former relationships. *Compare* Minn.Stat. §§ 518B.01, subds. 2(b)(1) ("spouses and former spouses"), *and* 2(b)(4) ("persons who are presently residing together or who have resided together in the past") *with* 2(b)(7) ("persons involved in a significant romantic or sexual relationship"). But subdivision 2(b) expands the language in clause (7) as follows: "In determining whether persons are *or have been* involved in a significant romantic or sexual relationship under clause (7), the court shall consider" the following factors. *Id.,* subd. 2(b) (emphasis added). The district court's consideration of the relevant statutory factors is mandatory. *See* Minn.Stat. § 645.44, subd. 16 (2008) (stating, " 'Shall' is mandatory."). One of

the factors that the district court must consider is "if the relationship has terminated, [the] length of time since the termination." Minn.Stat. § 518B.01, subd. 2(b).

■ When subdivision 2(b)(7) is read in conjunction with the language within subdivision 2(b) that references clause (7), it is clear that clause (7) includes both current and former significant romantic or sexual relationships. Subdivision 2(b) references clause (7) and describes significant romantic or sexual relationships in the past tense. And one of the mandated statutory considerations is the length of time since termination of the relationship. If former relationships cannot qualify as significant romantic or sexual relationships, there would be no reason to consider the length of time since termination of the relationship.

Because the legislature's intent to include former relationships within the significant-romantic-or-sexual-relationship category is clearly discernible from the plain and unambiguous language of section 518B.01, subdivision 2(b), statutory interpretation is not necessary or permitted. *Hans Hagen Homes,* 728 N.W.2d at 539. But we note that our conclusion that parties who were formerly involved in a significant romantic or sexual relationship may qualify as family or household members under the Domestic Abuse Act is supported by the presumptions that guide statutory interpretation. First, the legislature intends the entire statute to be effective and certain. Minn.Stat. § 645.17(2) (2008). For all of section 518B.01, subdivision 2(b), to be effective and certain, subdivision 2(b)(7) must be read in conjunction with the language within subdivision 2(b) that references clause (7). Second, the legislature does not intend a result that is absurd or unreasonable. Minn.Stat. § 645.17(1) (2008). If we construe "significant romantic or sexual relationship" to

include only current relationships, victims of domestic abuse will be forced to choose between remaining in abusive relationships in order to qualify for protection under the Domestic Abuse Act or ending the relationship and forgoing the ability to petition for an OFP. It would be absurd and unreasonable to require victims of domestic abuse to remain in abusive relationships in order to qualify for relief under the Domestic Abuse Act.

■ But a mere assertion that parties were once involved in a significant romantic or sexual relationship does not, by itself, satisfy the family-or-household-member requirement of the Domestic Abuse Act. The district court must consider the four statutory factors that are contained in section 518B.01, subdivision 2(b), to determine whether a former relationship qualifies as a significant romantic or sexual relationship under the Domestic Abuse Act.

In the present case, Sperle testified regarding the length of the parties' relationship, the type of relationship, the frequency of the parties' interaction, and the length of time since the parties' relationship had ended. But Orth's counsel argued that the parties were not family or household members, and that the district court therefore lacked jurisdiction to issue an OFP, because the parties were not currently involved in a significant romantic or sexual relationship. Counsel cited section 518B.01, subdivision 2(b)(7), without referencing the statutory text that expands clause (7) and mandates consideration of certain factors. As a result, it appears that the district court limited its analysis to a determination of whether the parties were presently involved in a significant romantic or sexual relationship. The district court stated:

> [T]he Statute defines family or household members. It includes people in-

volved in a significant romantic or sexual relationship, while these parties may have been in that type of relationship in the past they are not now.... [S]o I do not believe that these ... [two] people are within the same family or household. And as a result a Petition for a domestic abuse OFP is not permitted by Statute. And I'm finding that a domestic abuse order is not appropriate because the Respondent is not a family or household member within the Statutory definition. For that reason I am dismissing the Petition.

■ The record indicates that the district court did not consider whether the parties' former relationship qualified as a significant romantic or sexual relationship under the Domestic Abuse Act. Thus, the record does not reflect the district court's consideration of the statutorily mandated factors on this issue. Without an analysis of the relevant statutory factors, we cannot review the district court's determination that relief was not available under the Domestic Abuse Act. We must, therefore, reverse and remand for the district court to apply the statutory factors contained in section 518B.01, subdivision 2(b), and determine whether the parties' former relationship qualifies as a significant romantic or sexual relationship, and to determine whether Sperle is entitled to relief under the Domestic Abuse Act. We note that it has been over one year since the matter was heard by the district court. An OFP has not been in place during this time, but the district court sternly cautioned Orth that he must have no contact with Sperle. On remand, the district court must determine what, if any, relief is appropriate under the Domestic Abuse Act at this point in time.

## D E C I S I O N

We hold that a former relationship may qualify as a significant romantic or sexual relationship under the Domestic Abuse Act. When determining whether a former relationship qualifies as a significant romantic or sexual relationship under the Domestic Abuse Act, the district court must consider the length of the relationship, the type of relationship, the frequency of interaction between the parties, and the length of time since termination of the relationship. Because the district court dismissed appellant's petition for an order for protection without considering whether the parties' former relationship qualified as a significant romantic or sexual relationship under the Domestic Abuse Act, we reverse and remand for a determination of whether appellant is entitled to relief.

**Reversed and remanded.**