**In the Matter of: Christina Marie OLSON ON BEHALF OF A.C.O. and N.P.O., petitioner, Respondent,**

**v.**

**Bradley Charles OLSON, Appellant.**

**A16-1568**

Court of Appeals of Minnesota.

Filed March 13, 2017

Christina Marie Olson, Mankato, Minnesota (pro se respondent).

B. Steven Messick, J. Scott Braden, P.A., Faribault, Minnesota (for appellant).

Considered and decided by Halbrooks, Presiding Judge; Cleary, Chief Judge; and Jesson, Judge.

## OPINION

CLEARY, Chief Judge

Appellant-father Bradley Charles Olson challenges a district court's grant of an order for protection (OFP) arguing that the OFP is based on inadmissible hearsay allegations contained in respondent-mother Christina Marie Olson's petition and affidavit for an OFP. Because a finding of domestic abuse following a contested hearing must be made on admissible evidence, we reverse and remand.

## FACTS

On August 17, 2016, respondent filed a petition and affidavit for an OFP on behalf of her minor children, A.C.O. and N.P.O., then ages ten and eight, respectively, against appellant. In her petition and affidavit, respondent alleged that her children started crying when she told them they

were going to appellant's house and that A.C.O. "hyperventilated." Respondent also alleged in her petition and affidavit that, in early August 2016, she took A.C.O. and N.P.O. to see a therapist, and that respondent told the therapist that A.C.O. was upset about going to appellant's house. According to respondent's petition and affidavit, the therapist asked respondent to go to the waiting room and, after the session, the therapist told respondent that her children should not go to appellant's house because he did not understand the children's issues and that the children's mental health was being affected. Respondent also stated in her petition and affidavit that at an August 10, 2016 therapy session, A.C.O. told the therapist and respondent that appellant slaps N.P.O. across the face and tells N.P.O. and A.C.O. that if they tell respondent there will be "severe consequences."

In regard to previous abuse, respondent stated in her petition and affidavit that she reported to child-protection services in March 2016 that N.P.O. complained that appellant had slapped N.P.O.'s face. Respondent stated that child-protection services did not become involved because there were no marks from the slap. Respondent also alleged in her petition and affidavit that appellant once spanked A.C.O. when A.C.O. was a baby, and that appellant initially lied about the incident. Respondent checked the box on the form petition indicating that she believed domestic violence would continue and that she and her children were in immediate danger.

In August 2016, the district court issued an emergency ex parte OFP against appellant, with A.C.O. and N.P.O. as the protected persons. At the request of appellant, and pursuant to Minn. Stat. § 518B.01, subds. 5, 7 (2016), the district court held a domestic abuse hearing in September 2016.

Respondent appeared pro se at the hearing. Appellant, through his attorney, requested that the ex parte OFP be dismissed, arguing there were "no instances of domestic abuse which is required by statute," and that the allegations contained in the petition and affidavit are "hearsay, irrelevant and don't meet the standards of domestic abuse."

At the hearing, the district court asked respondent, "[A]nything that you want to add other than what's already in the record based upon your Petition?" Respondent replied that she wanted the OFP to stay in place due to the emotional distress that appellant allegedly inflicted on A.C.O. and N.P.O. Respondent presented a letter from the children's therapist, and appellant objected on hearsay grounds. The district court ruled that the letter was inadmissible because the therapist was not present to testify, but stated that respondent could testify and tell the district court about the therapist's recommendation.

The following colloquy occurred while respondent was under oath:

> THE COURT: Now, you go ahead and tell me what you want me to know about this that isn't already in the Petition. This isn't your chance to argue. It's your chance to talk about the basis for the Order.
>
> . . . .
>
> RESPONDENT: The basis for this is my children who are hyperventilating going to their father's. Um, their emotional well-being is affected. I have asked [appellant] to go [to] therapy to work this out and meet with the therapist one-on-one so we can work this out. However, I have text messages from him stating he would not and I have a text message from him telling me that

[A.C.O.] needed to grow up and be a man.

THE COURT: How old is [A.C.O.]?

RESPONDENT: [T]en years old.

THE COURT: All right. Is there anything else you want to tell me that isn't already in here?

RESPONDENT: No, Your Honor.

After respondent testified, appellant moved for a "directed verdict," and objected to the district court admitting hearsay evidence contained in respondent's petition and affidavit, specifically any statements of the therapist or the children. The district court denied appellant's motion and took the matter under advisement.

After the hearing, the district court issued an OFP against appellant, finding "[b]ased on the evidence presented at the hearing in this matter," that acts of domestic abuse occurred. The district court specifically found that (1) appellant struck at least one of the children on at least one occasion, (2) appellant threatened the children with "severe consequences" if they spoke with respondent about the use of physical discipline, (3) respondent observed behaviors in her children that were concerning enough to seek out a therapist, and (4) the children have been emotionally abused by appellant. A.C.O. and N.P.O. were named the protected persons and appellant was ordered to have no contact with them. This appeal follows.

## ISSUES

Did the district court abuse its discretion by issuing the OFP after a contested domestic abuse hearing when the only evidence of domestic abuse consisted of hearsay statements contained in respondent's petition and affidavit for an OFP?

1. While a petition for an OFP serves a separate function from an affidavit, in practice the two are combined into one standard court form called a Petitioner's Affidavit and Petition for Order for Protection.

## ANALYSIS

■ Appellant argues that the district court erred as a matter of law and abused its discretion when it considered and relied on hearsay allegations in respondent's petition and affidavit for an OFP in finding that domestic abuse occurred. We agree.

■ The Minnesota Domestic Abuse Act provides that a person may seek an OFP by filing a petition with the district court alleging the existence of domestic abuse. Minn. Stat. § 518B.01, subd. 4 (2016). A petition must be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought. *Id.*, subd. 4(b).[1] When a district court issues an ex parte OFP, the responding party has a right to a contested domestic abuse hearing within 10 days of the request. *Id.*, subds. 5(d), 7(c). At that hearing, the petitioner has the burden to prove by a preponderance of the evidence that domestic abuse, as defined in the Minnesota Domestic Abuse Act, has occurred in order for a district court to issue an OFP. *Oberg v. Bradley*, 868 N.W.2d 62, 64 (Minn.App.2015). The statute defines "domestic abuse," in the relevant portion, as (1) physical harm, bodily injury, or assault or (2) the infliction of fear of imminent physical harm, bodily injury, or assault, committed against a family or household member by a family or household member. Minn. Stat. § 518B.01, subd. 2(a) (2016). When a petitioner at that hearing proves domestic abuse occurred, a district court may issue an OFP and provide certain forms of relief, such as "restrain[ing] the abusing party from committing acts of domestic abuse" and "order[ing] the abusing party

to have no contact with the petitioner." Minn. Stat. § 518B.01, subd. 6(1), (10) (2016).

 "The admission of evidence rests within the broad discretion of the trial court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn.1997) (quotation omitted). An OFP is a civil remedy. *Rew v. Bergstrom*, 845 N.W.2d 764, 791 (Minn.2014). In civil cases, the complaining party must demonstrate "prejudicial error" to be entitled to a new trial or hearing based on an erroneous evidentiary ruling. *Kroning*, 567 N.W.2d at 46.

The Minnesota Rules of Evidence apply to all actions and proceedings unless excluded by the rules or a statute. Minn. R. Evid. 1101. Rule 1101 lists the proceedings and situations where the rules of evidence do not apply. Domestic abuse hearings are not listed as an exception. Minn. R. Evid. 1101(b). The Minnesota Domestic Abuse Act also provides no exception. *See* Minn. Stat. § 518B.01. The Minnesota Rules of Evidence apply to domestic abuse hearings.

Under the rules of evidence, hearsay is a statement, other than one made by the declarant while testifying, offered into evidence to prove the truth of the matter asserted. Minn. R. Evid. 801(c). Hearsay is generally inadmissible unless it falls within an exception under the rules of evidence. Minn. R. Evid. 801-07.

At the hearing, the district court received no evidence of domestic abuse through sworn testimony or documents admitted into evidence. The district court sustained appellant's objection to the admittance of the children's therapist's letter, which presumably described the children's allegations to the therapist. Respondent offered no other documents, and testified only that the emotional well-being of her children was affected by appellant.

After the hearing, the district court issued the OFP and found, "[b]ased on the evidence presented at the hearing in this matter," that acts of domestic abuse occurred. Specifically, the court found that appellant struck at least one of the children on at least one occasion and that appellant threatened the children with "severe consequences" if they spoke with respondent about the use of physical discipline.

But the district court's finding of domestic abuse could have been based only on the allegations in respondent's petition and affidavit. Respondent did not testify about domestic abuse at the hearing, and only in the petition and affidavit does respondent state that A.C.O. told the therapist and respondent that appellant "slaps [N.P.O.] across the face."

A.C.O.'s statements that appellant slaps N.P.O. and that appellant told the children that "severe consequences" would result if they talked are hearsay, as the district court relied on the statements as proof of the truth of the matter asserted—that domestic abuse occurred through physical harm or threats of harm. The district court did not explain why these statements were admissible. A.C.O.'s statements do not fit any definition of non-hearsay under Minn. R. Evid. 801(d) as they are not (1) prior statements by a witness or (2) statements by party-opponent.[2] The statements might have been made to the therapist for medi-

---

2. The "severe consequences" statement could be a statement made by a party opponent if A.C.O. testified to it, but here there are two layers of hearsay: A.C.O.'s out-of-court statement regarding appellant's out-of-court statement. Hearsay within hearsay is only admissible if each level falls within a hearsay exception. Minn. R. Evid. 805.

cal diagnosis or treatment generally and may meet the exception under Minn. R. Evid. 803(4). However, the therapist did not testify to provide foundation for the statement. None of the hearsay exceptions for an unavailable declarant apply. *See* Minn. R. Evid. 804(b).

The statements also do not seem to fit the "residual exception" under Minn. R. Evid. 807, as they are not more probative regarding the alleged domestic abuse than the testimony of the children or the therapist, and admitting the statements would not best serve the purposes of the rules and the interests of justice, as the statements' reliability was not established.

On this record, no statutory exception is applicable to these hearsay statements. Minn. Stat. § 595.02, subd. 3 (2016), makes certain out-of-court statements made by minors under ten years of age admissible when alleging physical abuse. But, A.C.O., who made the out-of-court statement, was not under age ten. The district court's consideration of A.C.O.'s inadmissible hearsay statements found within respondent's petition and affidavit was error and constituted an abuse of discretion.

■ An appealing party bears the burden of demonstrating that an evidentiary error resulted in prejudice. *Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 178 (Minn.App. 2009), *review denied* (Minn. Jan. 27, 2010). An evidentiary error is prejudicial if it might reasonably have influenced the factfinder and changed the result of the proceeding. *W.G.O. ex rel. A.W.O. v. Crandall*, 640 N.W.2d 344, 349 (Minn.2002). Because the only evidence of appellant's alleged domestic abuse is the inadmissible hearsay statements in respondent's petition and af-

fidavit, the evidentiary error of considering these statements changed the outcome of the hearing and prejudiced appellant.

■ Because we conclude that use of inadmissible hearsay statements as the exclusive basis for a finding of domestic abuse constitutes prejudicial error, we do not address appellant's other claims that he was denied a full hearing and that the evidence, even if properly admitted, was insufficient to sustain a finding of domestic abuse.

### DECISION

■ Because the statements in respondent's petition and affidavit constituted inadmissible hearsay, the district court abused its discretion by considering those statements as the exclusive basis for a finding of domestic abuse and the grant of an OFP. Because we have no opinion regarding whether respondent has sufficient admissible evidence to prove domestic abuse outside of her petition and affidavit, we remand for further proceedings not inconsistent with this opinion.[3]

**Reversed and remanded.**

---

3. Because an OFP is a civil remedy arising from a dispute between private parties, there are no double-jeopardy concerns in holding a second domestic abuse hearing. *Rew*, 845 N.W.2d at 791, 795-96.