*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0920**

In re the Matter of:

Jimmy Rosas, OBO Minor Child,
Respondent,

vs.

Soledad Sanchez,
Appellant.

**Filed March 18, 2024
Affirmed
Bratvold, Judge**

Sherburne County District Court
File No. 71-FA-22-123

Jimmy Rosas, St. Paul, Minnesota (pro se respondent)

C. Alexander Anderson-Cazales, Square 1 Legal, PLLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Wheelock, Presiding Judge; Smith, Tracy M., Judge; and Bratvold, Judge.

**NONPRECEDENTIAL OPINION**

**BRATVOLD**, Judge

This is an appeal from a district court order denying appellant's motion to vacate an order for protection (OFP). Appellant argues that the district court abused its discretion because newly discovered evidence would have a probable effect on the outcome if the

district court had granted a new evidentiary hearing. We conclude that the district court's factual findings support its legal conclusion that the newly discovered evidence would not have a probable effect on the result of a new hearing. While the district court also rejected appellant's motion as untimely, we need not address the propriety of that determination. Thus, we affirm.

## FACTS

In March 2022, respondent Jimmy Rosas petitioned for an OFP against appellant Soledad Sanchez on behalf of their minor son, who was seven years old at the time of the petition. Rosas and Sanchez share parenting time. Rosas lives in St. Paul, while Sanchez lives in Elk River with her nonjoint minor daughter, I.E.S., who was 16 years old at the time of the petition. In the petition, Rosas averred that, on March 21, 2022, the son arrived at Rosas's house "with bruises all over his legs that he stated he got from" Sanchez. Rosas also attested that the son "is afraid to go back to" to Sanchez's house.

The district court issued an ex parte OFP after determining that Rosas's petition "allege[d] an immediate danger of domestic abuse." Sanchez requested a hearing. The district court held an evidentiary hearing on September 1, 2022, at which six witnesses testified, including Rosas, Sanchez, and I.E.S. That same day, following the hearing, the district court issued an OFP against Sanchez, finding that, "on March 15, 2022," Sanchez "hit [the son] . . . repeatedly in the upper thighs with a belt, causing pain and extensive bruising, injuries not consistent with reasonable parental discipline and thus constituting domestic child abuse." The district court's order provided for telephone and in-person

2

supervised parenting time and prohibited Sanchez from any other contact with the son for two years.

On February 3, 2023, Sanchez moved to "[v]acat[e] the Order for Protection . . . pursuant to Minnesota Rules of Civil Procedure, Rule 60.02" based on "newly discovered evidence." In an accompanying affidavit, Sanchez averred that, "[o]n or about the last week of October 2022," she learned that I.E.S. told her caseworker "that on the morning of March 18, 2022, [I.E.S.] had hit [the son] with a stick several times causing bruising and injuries." Sanchez averred that I.E.S.'s caseworker reported I.E.S.'s statement to child protection, and as a result, police interviewed I.E.S., who "confessed to hitting [the son] repeatedly with a stick." I.E.S. stated that "she had been feeling guilty about the whole situation because [Sanchez] had taken the fault through the legal proceedings."

On March 1, the parties appeared for a hearing on Sanchez's motion to vacate. Rosas was self-represented, and Sanchez was represented by counsel. Sanchez requested that the district court vacate the OFP or, in the alternative, "schedule a new hearing on the issue." Rosas opposed the motion. Rosas stated that the son "said that it was his mother" who hit him and that the son's statement was received at the evidentiary hearing. Sanchez responded that I.E.S.'s confession "puts into question whether the information presented at the trial by [the son] was accurate."

On April 24, the district court issued an order denying Sanchez's motion to vacate. The district court judge, who did not preside over the evidentiary hearing on the OFP, stated that "[t]here is no indication that" the judge who granted the OFP "relied solely on

the testimony of [I.E.S.] in finding that domestic abuse had occurred." The district court noted that the son's statement that Sanchez hit him was offered at the evidentiary hearing.[1] The district court determined that Sanchez's motion to vacate was not supported by "evidence to allow the Court to conclude that the change in [I.E.S.'s] testimony would have an effect on the result of a new trial." The district court described Sanchez's new evidence as "impeaching testimony." Although the parties did not discuss the timeliness of Sanchez's motion, the district court determined that Sanchez's "request for a new trial [was] outside the timeframe" allowed by Minn. R. Civ. P. 59.03 and was therefore untimely.

Sanchez appeals.[2]

**DECISION**

Minnesota Rule of Civil Procedure 60.02 allows the district court, under the circumstances described in the rule, to "order a new trial or grant such other relief as may be just." Sanchez and the district court repeatedly refer to the relief Sanchez sought as a "new trial." A domestic-abuse proceeding, however, is brought under Minn. Stat. § 518B.01 (2022) and is a "special proceeding." *Steeves v. Campbell*, 508 N.W.2d 817, 818 (Minn. App. 1993). Additionally, "a new trial motion in domestic abuse proceedings under Minn. Stat. § 518B.01 is not authorized." *Id.* The parties do not address the fact that

---

[1] The district court also noted that the OFP included the finding that Sanchez hit the son "on March 15, 2022." In contrast, Sanchez's affidavit referred to an "incident between the minor child" and I.E.S. that "occurred on March 18, 2022."

[2] Rosas did not file a brief with this court. Under Minn. R. Civ. App. P. 142.03, "the case shall be determined on the merits."

4

new-trial motions are unauthorized in domestic-abuse proceedings. For purposes of this appeal, however, we will treat the appeal as one seeking review of the district court's denial of a motion for a new evidentiary hearing under the "other relief as may be just" portion of rule 60.02.

Minnesota Rule of Civil Procedure 60.02(b) provides that "the court may relieve a party . . . from a final judgment . . . , order, or proceeding and may order a new trial or grant such other relief as may be just" based on "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new [hearing] pursuant to Rule 59.03." We review a district court's decision whether to grant relief under rule 60.02 for an abuse of discretion. *Gams v. Houghton*, 884 N.W.2d 611, 620 (Minn. 2016). "A district court abuses its discretion when it acts under a misapprehension of the law or when its factual findings are clearly erroneous." *Id.* (quotations omitted).

To obtain relief under rule 60.02(b), the moving party must satisfy three steps. First, "the moving party must show that the new evidence was not discovered until after [the hearing], and could not have been discovered before [the hearing] by the exercise of reasonable diligence." *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 631 (Minn. 2012) (quotation omitted). Second, the moving party must show that the newly discovered evidence is "relevant and admissible." *Id.* Third, "the newly discovered evidence must not be merely collateral, impeaching, or cumulative, but rather, must be such as to have a probable effect upon the result of a new [hearing]." *Id.* (quotation omitted).

5

Sanchez argues that the district court abused its discretion for two reasons. First, Sanchez argues that the district court "committed a clear abuse of discretion in denying [her] motion under Rule 60.02(b)" because the district court erred in its analysis of the newly discovered evidence.

The district court did not discuss whether Sanchez's evidence was "newly discovered" under step one and "assume[d] the evidence would be relevant and admissible at trial if [I.E.S.] was present and testified" under step two. Thus, only the third step, whether the newly discovered evidence would have a probable effect on the result of a new hearing, is at issue on appeal.

Under step three, the district court determined that the newly discovered evidence was "impeaching testimony" that would "be used to impeach [I.E.S.] with a prior inconsistent statement." The district court also determined that the newly discovered evidence would not have a probable effect on the result of a new hearing because "other witnesses at the hearing testified that [Sanchez] . . . caused the harm to [the son]."

Sanchez argues that I.E.S.'s statement is not only impeachment evidence because it "goes to the substantive issue in the case." Sanchez contends that I.E.S. "directly admit[ted] to the act that was the basis of the Order for Protection," and therefore, the newly discovered evidence "would have a probable effect upon the result of a new [hearing]."

We are not persuaded. "Appellate courts cannot presume error by the district court, and the complaining party has the obligation to provide the appellate court with a record sufficient to show any alleged error." *Butler v. Jakes*, 977 N.W.2d 867, 873 (Minn. App. 2022). An appellant bears the burden of providing any transcripts "deemed necessary for

inclusion in the record." Minn. R. Civ. App. P. 110.02, subd. 1(a). Sanchez did not provide this court with a transcript of the evidentiary hearing. Thus, we cannot determine whether the newly discovered evidence was admissible for impeachment purposes only or was also admissible as substantive evidence.

Because Sanchez did not provide the evidentiary-hearing transcript, "[w]e are limited to determining whether the trial court's findings of fact support its conclusions of law." *Am. Fam. Life Ins. Co. v. Noruk*, 528 N.W.2d 921, 925 (Minn. App. 1995), *rev. denied* (Minn. Apr. 27, 1995). We therefore examine the district court's factual findings in its order denying the motion to vacate and assess whether those findings support the district court's legal conclusion that Sanchez's motion to vacate failed step three.

In denying the motion to vacate, the district court found that the parties agreed that I.E.S. testified at the evidentiary hearing that Sanchez "had harmed" the son. The district court found, based on the evidence at the evidentiary hearing, that the son "reported that it was [Sanchez] that had caused the injuries." The district court also found that the parties agreed that "other witnesses at the hearing testified that [Sanchez] . . . caused the harm" to the son.

We conclude that these findings of fact support the district court's legal conclusion that Sanchez's motion did not satisfy the third step—that the newly discovered evidence would have a probable effect on the outcome of a new hearing. Because evidence other than I.E.S.'s testimony supported the OFP, the district court did not abuse its discretion by determining that the admission of I.E.S.'s confession would not have a probable effect on the outcome of a new hearing.

Second, Sanchez argues that the district court abused its discretion by denying her motion to vacate, because "the motion was timely." Sanchez contends that the district court appears to have applied, in error, the 30-day deadline for a rule 59 motion for a new trial to her rule 60.02(b) motion to vacate. The district court's order stated that "[a] notice of motion for a new trial shall be served within 30 days . . . of the filing of the decision or order," quoting Minn. R. Civ. P. 59.03. The district court determined that Sanchez's "request for a new trial is outside the timeframe allowed by the Rules."[3]

Because we conclude that the district court's factual findings support its legal conclusion that the newly discovered evidence would not have a probable effect on the result of a new hearing, we need not decide whether Sanchez's motion was timely.[4]

**Affirmed.**

---

[3] As discussed above, "a new trial motion in domestic abuse proceedings . . . is not authorized." *Steeves*, 508 N.W.2d at 818. We observe that a rule 60.02(b) motion to vacate must be made within a reasonable time "not more than 1 year after" the order that is the subject of the motion. Minn. R. Civ. P. 60.02.

[4] Sanchez's brief to this court also asserts that the OFP "will likely expire by the time [this] court hears this appeal" and argues that "[b]ecause collateral consequences attach to an expired order for protection, an appeal of an expired order for protection is not moot." The OFP against Sanchez was granted for two years on September 1, 2022. Minnesota law generally requires this court to render a decision "in every case within 90 days after oral argument or after the final submission of briefs or memoranda by the parties, whichever is later." Minn. Stat. § 480A.08, subd. 3 (2022). Because we will issue a decision in this appeal before the OFP expires on September 1, 2024, we need not consider Sanchez's mootness argument.